U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 2 3 2007

ROBERT H. SHEMWELL, CLERK
BY _____
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EFRAIN BENITEZ<br>    FED. REG. NO. 40312-018 | CIVIL ACTION NO. 07-0707 |
| VS. | SECTION P<br>JUDGE DRELL |
| FREDRICK MENIFEE, WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on April 16, 2007 by pro se petitioner Efrain Benitez. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary - Pollock, Pollock, Louisiana. He attacks the sentences imposed following his 2002 convictions for drug related offenses in the United States District Court for the Middle District of Florida.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

On August 21, 2002, petitioner was indicted in the United States District Court for the Middle District of Florida. He was

charged with conspiracy to distribute and to possess with intent to distribute more than 500 grams of methamphetamine, distribution and possession with intent to distribute more than 50 grams of methamphetamine, and illegal reentry into the United States following deportation. Petitioner pled guilty to the illegal reentry charge. Following trial by jury in October 2002 he was found guilty as charged of the drug offenses. On January 21, 2003, petitioner was sentenced to life imprisonment pursuant to statutory sentencing enhancement under 21 U.S.C. §851.

On December 23, 2003, petitioner's convictions and sentences were affirmed on direct appeal to the Eleventh Circuit Court of Appeal. United States v. Benitez, 90 Fed. Appx. 382 (Table). Petitioner did not seek *certiorari* in the United States Supreme Court nor did he collaterally attack his convictions or sentence through a §2255 Motion to Vacate.

On April 16, 2007 petitioner filed the instant petition. He contends that he is "actually innocent" of the enhancement that resulted in the imposition of a life sentence under 21 U.S.C. §851 because the trial court erred when it enhanced his sentence based on prior felony drug convictions for "simple possession" of cannabis and marijuana under Florida law.

### *Law and Analysis*

The initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition.

Section 2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

28 U.S.C. §2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

      \*    \*    \*
<u>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which</u>

> <u>sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u> ... (Emphasis supplied)

Under the clear terms of the statute, petitioner's current *habeas* application cannot be entertained because he failed to apply for relief by filing a §2255 motion in the United States Court for the Middle District of Florida, the court where he was convicted and sentenced.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy § 2255's "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). As shown above, the "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 but only if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253

F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

Petitioner attacks the legality of the life sentence imposed pursuant to 21 U.S.C. §851. He claims that the prior state court convictions for possession of marijuana, although felonies under Florida law, were misdemeanors under federal law and therefore insufficient to warrant enhancement under §851.

Petitioner contends that his sentence was imposed in violation of the Constitution and laws of the United States. Such claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore, as shown above, he may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention."

Petitioner implies that Salinas v. United States, 547 U.S. 188, 126 S.Ct. 1675, 164 L.Ed.2d 364 (2006) and Lopez v. Gonzales, – U.S. –, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) are retroactively applicable Supreme Court decisions which establish that he is "... Actually Innocent of His Sentence ... Because the District Court Erred in Enhancing [his] Sentence under 21 U.S.C. §851 based on Petitioner's Prior Felony Drug Convictions for Simple Possession of Cannabis and Marijuana, in violation of the laws and statutes of the State of Florida..." His reliance on these cases is misplaced.

5

In <u>Salinas v. United States</u>, *supra*, the defendant's federal sentence was enhanced under the provisions of Section 4B1.1.(a) of the United States Sentencing Guidelines because of a prior state court conviction for possession of a controlled dangerous substance. The Court noted that the term "controlled substance offense" is defined by §4B1.2(b) as "... an offense under federal or state law ... that prohibits ... the possession of a controlled substance ... <u>with intent to manufacture, import, export, distribute, or dispense</u>." Thus, the Court determined that the lower courts erred in treating the defendant's conviction for simple possession as a "controlled substance offense" under the Sentencing Guidelines. <u>Salinas</u>, 547 U.S. 188.

In <u>Lopez</u>, *supra*, the petitioner, who was a legal permanent resident, was convicted in South Dakota of aiding and abetting another person's possession of cocaine and sentenced to serve five years imprisonment. Upon his release, the government commenced removal proceedings on the theory that petitioner had been convicted of a controlled substance violation and an aggravated felony under 8 U.S.C. §1227(a)(2)(B)(i) and §1227(a)(2)(A)(iii). Lopez contested the finding that his state conviction was an "aggravated felony" because under the INA, he would have been guilty of such an offense only if he had been convicted of "illicit trafficking in a controlled substance" which has been interpreted to mean a drug related offense which

would be a felony under the federal Controlled Substance Act. The Court concluded that while simple possession of cocaine was a felony in South Dakota, simple possession of cocaine is not a felony under federal law and therefore not an "aggravated felony" under the INA. Lopez, 127 S.Ct. At 633.

Petitioner's sentence was enhanced in accordance with the provisions of 21 U.S.C. §841 et seq. Under the provisions of those statutes, federal courts look to whether or not the federal defendant has been convicted of a prior "felony drug offense" in order to determine whether an enhancement of sentence is appropriate. The term "felony drug offense" is, in turn, defined in §802(44) as "... an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs..." Petitioner admits that the predicate offenses complained of herein were felonies under Florida law. Since petitioner's sentence was not enhanced under the Federal Sentencing Guidelines (as was the case in Salinas, supra), but rather under the provisions of 21 U.S.C. §841 et seq., his prior Florida felony convictions for possession of cannabis and marijuana could be considered "felony drug offense[s]" under the enhancement statute. Compare United States of America v. James Sandle, 123 F.3d 809 (5th Cir. 1997).

Further, since the resolution of petitioner's predicament

does not turn on an interpretation of the "aggravated felony" provisions of the INA, Lopez, *supra*, likewise does not apply.

Since petitioner has pointed to no retroactively applicable Supreme Court decision which establish that he was convicted of a nonexistent offense nor shown that his present claims were foreclosed by Circuit law at the time when they should have been raised either at his trial, appeal, or during the time he was eligible to seek review by filing a Motion to Vacate, his *habeas corpus* petition must be dismissed for lack of jurisdiction. See Tran v. Conner, 275 F.3d 1081 (5th Cir. 2001).

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction;

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, __July 20th__, 2007.

```
                              _____
                              JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE
```